Haynes, J.
A petition in error is filed for the purpose of reversing the judgment of the court of common pleas,in a case wherein Michael Higgins was plaintiff, and the City of Toledo was defendant. It is a personal injury case. The plaintiff says in his petition that on or about the 14th day of September, 1893, he was walking along certain sidewalks on one of the streets of this city, and that he fell ana broke a limb. What occasioned him to fall, as he sets forth, was, that there was a drop in the sidewalk of some 16 or 18 inches at a point about mid-way between the streets at the end of the sidewalk; that is to say,the drop was about at the middle of the block. That in passing along in the early evening or about dark, he came to this point.
There had been a step down of sixteen inches,broken perhaps, by an intermediate step or fall of] about seven inches. *542 There was at this point, the testimony tends to show, a tree standing so that there was some shadow there. There was some testimony tending to show that the man was intoxicated, and some testimony tending to show that he was a man of perfectly upright character, and not in the habit of getting intoxicated. There was plenty of testimony on both sides tending to support the contention of each party.
The real question is,and the question which we are called upon to decide, whether or not the jury were warranted in finding that the city was guilty of negligence in permitting this sidewalk to remain in the position that it was with this drop down that I have spoken of. The court was asked to charge as follows:
“That the city is not guilty of any negligence because the plank walk was higher than the stone walk; that the city had a perfect right to permit the plank walk to be higher than the stone walk, if it saw fit to do so; but the only question that does affect the duty of the city to this plaintiff is, whether or not, knowing that the plank walk was higher than the stone walk, it has provided a reasonably safe step to enable the plaintiff to come off of the plank walk onto the stone walk in safety.”
The testimony tended very strongly to show that there had been a step placed about seven inches high, made of plank 2x12, resting upon proper supports. The court refused to charge that request, and submitted the question to the jury.whether the city was guilty of negligence or not; and the jury found in favor of the plaintiff, and against the city. In the judgment of this court the jury did right. It would appear from the circumstances of the case that a grade had been established in that street,and that when this stone sidewalk was put down, it was put down to some established grade, but that the plank sidewalk was not at grade, and the city had permitted it; and this state of affairs had continued for-quitéa long time — for a good many months; at any rate, it had permitted the plank sidewalk beyond the stone side *543 walk to remain so as to leave this step there. We are of opinion that the city had no right to do that. It had established the grade of the street, and it was bound to see that the sidewalks conformed to that grade. If there was no grade of the street at that time, it was the duty of the city to establish a grade, and see that the sidewalks were uniform. We have sustained verdicts against the city where the sidewalks were no more dangerous than this; and we can scarcely conceive of any more dangerous thing than this sidewalk t.o travelers at night, with a precipitous step right in the middle of the walk. We are not disposed to disturb the verdict,and upon these facts the judgment will be affirmed, without penalty.
G. F. Watts, for Plaintiff in Error.
Hamilton & Kirby, for Defendant in Error.